IN THE UNITED STATES DISTRIC COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

STEPHANIE HUSKEY,

    Plaintiff,

v.

PETSMART, INC., AMBER STRICKLAND-STONE, ALLISON JONES, and KRISTIN POLLY,

    Defendants.

Case No. 18-00813-CV-W-NKL

**ORDER**

Plaintiff Stephanie Huskey moves to remand this proceeding to the state court from which it was removed by defendants PetSmart, Inc., Amber Strickland-Stone, Allison Jones, and Kristen Polly. For the reasons discussed below, the motion to remand is denied.

**I.    BACKGROUND**

Huskey brought this action against her former employer, PetSmart, and three employees of PetSmart. Although her state court pleading did not specify the defendants against whom each claim was asserted, Ms. Huskey clarified in her motion to remand that her claims under the Missouri Human Right Act ("MHRA") are against PetSmart alone, while her claims for civil conspiracy to violate Plaintiff's rights under the MHRA and for violation of the Missouri Minimum Wage Law ("MMWL") are against all of the defendants. Doc. 14 (Motion to Remand), ¶¶ 2-4; Doc. 28 (Amended Motion to Remand), ¶¶ 2-4.

**II.    STANDARD**

A defendant in a state court action may, under certain conditions, remove to federal district court a case over which the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). A

federal district court has diversity jurisdiction if (i) the amount in controversy exceeds $75,000, and (ii) the plaintiffs' state of citizenship is different from the state of citizenship of each of the defendants. *See* 28 U.S.C. § 1332(a). "In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). The Court must remand a case over which it lacks subject matter jurisdiction. *In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010).

On the other hand, if a non-diverse defendant was joined solely to prevent removal of a case from state court, the joinder is fraudulent and will not destroy the court's subject matter jurisdiction. *See id.* ("Courts have long recognized fraudulent joinder as an exception to the complete diversity rule. Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal.") (citations omitted). If a plaintiff has a "colorable" claim against a non-diverse defendant, "that is, if the state law *might* impose liability on the resident defendant under the facts alleged," joinder is not fraudulent. *Filla v. Norfolk Southern. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003).

The party that removed the case bears the burden of establishing that the Court has subject matter jurisdiction. *See Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1192 (8th Cir. 2015) ("The party seeking removal has the burden to establish federal subject matter jurisdiction . . . .") (quotation marks and citation omitted). Any doubt concerning whether the Court has jurisdiction "must be resolved in favor of remand." *Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009).

## III.    DISCUSSION

PetSmart is a citizen of Arizona and Delaware, and both Strickland-Stone and Jones are citizens of Kansas. Doc. 1 (Notice of Removal), ¶¶ 11-12. In contrast, Huskey and defendant Polly both are citizens of Missouri. Doc. 1, ¶¶ 10, 13; Doc. 14, ¶ 8; Doc. 28, ¶ 8. Defendants argue that defendant Polly was fraudulently joined to defeat diversity jurisdiction. If Polly was fraudulently joined, there is complete diversity between Huskey and the defendants, and the Court has subject matter jurisdiction. On the other hand, if Polly is found not to have been fraudulently joined, the Court will have to remand the case to state court for want of subject matter jurisdiction. The Court therefore must determine whether Huskey has asserted a colorable claim against Polly.

Huskey's allegations of MHRA violations pertain to disability, gender, and race discrimination as well as retaliation in employment. In relevant parts, the MHRA provides for liability for *employers*. *See* Mo. Rev. Stat. § 213.055.1 ("It shall be an unlawful employment practice: (1) For an employer, because of the race, color, religion, national origin, sex, ancestry, age or disability of any individual: (a) To fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, national origin, sex, ancestry, age or disability . . . ."); *id.*, § 213.070.1 ("It shall be an unlawful discriminatory practice for an employer . . . : (2) To retaliate or discriminate in any manner against any other person because such person has opposed any practice prohibited by this chapter or because such person has filed a complaint, testified, assisted, or participated in any manner in any investigation, proceeding or hearing conducted pursuant to this chapter . . . ."). However, the MHRA now expressly excludes from the definition of "employer" individuals employed by an employer. *See* Mo. Rev. Stat. § 213.010(8) ("'Employer' shall not include . . . an individual employed by an employer . . . ."). There is no dispute that Polly is not an "employer" under the

3

MHRA. *See, e.g.,* Doc. 24 (Reply Suggestions to Plaintiff's Motion to Remand), p. 3 (noting that "supervisors or co-workers" are among individuals excluded from the definition of "employer"). As such, Huskey cannot state an MHRA claim against Polly. *See id.*, p. 4 (noting that "only Petsmart can be held liable for specific injury due to violations of the MHRA").

Huskey attempts to sidestep this statutory bar by framing her claim against Polly not as a claim under the MHRA, but as one for *civil conspiracy* to violate Huskey's rights under the MHRA. However, the MHRA specifies that it and two other enumerated statutes "shall provide the exclusive remedy for any and all claims for injury or damages arising out of an employment relationship." Mo. Rev. Stat. § 213.070.2. In other words, in Missouri, damages arising from the employment relationship cannot be redressed except through the specified statutes.

Huskey contends that, because Polly is not an "employer" under the MHRA, Polly's relationship with Huskey was not an "employment relationship" that falls within the exclusive purview of the statutes. *See* Doc. 24, p. 3 ("Because individuals are excluded from the definition of employer, supervisors or co-workers are excluded from the 'employment relationship.' Therefore, there is no specific language that preempts claims against supervisors and co-workers where there is a common law remedy such as civil conspiracy.").

However, whether the exclusive-remedy provision applies turns not on whether Polly was an employer, but on whether Huskey's alleged "injury or damages" arise from an "employment relationship." Mo. Rev. Stat. § 213.070.2. There can be no question that they do. Huskey's civil conspiracy claim concerns what the statute defines as "unlawful employment practice[s]" (Mo. Rev. Stat. § 213.055.1) and other conduct perpetrated by an "employer" (Mo. Rev. Stat. § 213.070.1(2)). She seeks damages for, *inter alia*, lost wages and benefits. Doc. 1-1, ¶ 92. Given Huskey's allegations and the nature of the remedies she seeks, the Court cannot but conclude that

4

any injuries and damages caused to Huskey by the conduct of which she complains "aris[e] out of an employment relationship." Huskey's conspiracy claim against Polly therefore is precluded by the MHRA's exclusive-remedy provision.

The Court's conclusion is bolstered by the fact that, even before the exclusive-remedy provision of the MHRA became effective, the Missouri Supreme Court held that the MHRA "supersedes and displaces . . . common law claims" because it "fully provides for all remedies available at common law." *State ex rel. Church & Dwight Co. v. Collins*, 543 S.W.3d 22, 28 (Mo. 2018).[1] Thus, there can be no doubt that Huskey's conspiracy claim against Polly is not colorable.

Because Huskey has presented no alternative argument as to why Polly's joinder was not frivolous,[2] Polly's joinder must be deemed fraudulent, and the Court must conclude that Polly's inclusion in this action does not deprive the Court of subject matter jurisdiction. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir. 2002) ("Joinder is fraudulent and removal is proper when there exists no reasonable basis in fact and law supporting a claim against the resident defendants."); *Noble v. Ozborn-Hessey Logistics*, No. 14-CV-01149-NKL, 2015 WL 5023444, at *4 (W.D. Mo. Aug. 21, 2015) (concluding, where plaintiff had "no 'colorable cause of action' against" the non-diverse defendants for negligence, that those defendants "were fraudulently

---

[1] *Church* concerned allegations of MHRA violations that took place between 2014 and 2016. *Id.*, at 25. The version of the MHRA that includes the exclusive-remedy language became effective in August 2017, after the events at issue in *Church*, but before the occurrence of the events of which Huskey complains. *See* Doc. 1-1, ¶¶ 17-32 (describing events that allegedly took place in October 2017).

[2] The Court does not address the question of whether Huskey has a colorable claim against Polly under the MMWL because Huskey declined to argue the issue. *See* Doc. 14, p. 2 n.1 ("Plaintiff does not address her MMWL claim in this motion."); Doc. 28, p. 2 n. 1 (same). Nonetheless, the Court notes that Huskey does not mention, let alone allege wrongdoing by, Polly in connection with the MMWL claim. Doc. 1-1, ¶¶ 96-105.

joined," and therefore "complete diversity exists and this Court retains jurisdiction pursuant to 28 U.S.C. § 1332").

## IV. CONCLUSION

For the reasons discussed above, Huskey's motion to remand is DENIED.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: January 7, 2019  
Jefferson City, Missouri